UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

FRANCISCO LOPEZ,

   Plaintiff,

v.                                                                                        Case No. 24-cv-1436-LA

CORRECTIONAL OFFICER HORNE and
OFFICER JOHN DOE,

   Defendant.

---

### DEFENDANT HORNE'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES

---

Defendant Elijah Horne ("Defendant"), by and through his attorneys, the Milwaukee County Office of Corporation Counsel, by Deputy Corporation Counsel Karen L. Tidwall, answers Plaintiff Francisco Lopez's ("Plaintiff") Complaint (ECF No. 1), pursuant to the Court's screening order (ECF No. 12) defining the legal claims and parties that may proceed, and states its Affirmative Defenses, as follows:

### ANSWER

A. PARTIES

   1.     Plaintiff is a citizen of Wisconsin, and is located at Milwaukee County Jail, 949 N 9th St, Milwaukee, WI 53233.

   **RESPONSE:** Defendant admits.

   2.     Defendant Correction Officer Horne is a citizen of Wisconsin and resides at _____ and worked for Milwaukee County Jail 949 N 9th Street, Milwaukee WI.

**RESPONSE:** Defendant admits he is a citizen of Wisconsin and was employed by Milwaukee County on October 12, 2024.

B. STATEMENT OF CLAIM

3. On October 12th 2024, Officer Horne violated my 8th Amendment constitutional right by denying me medical attention, which results to cruel and unusual punisment [sic].

**RESPONSE:** Defendant denies the allegations of paragraph 3.

4. I was in my cell at around 2:00-2:40 AM when I started having "very bad" chest pains, pain I haven't felt before.

**RESPONSE:** Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 4 and therefore denies the same.

5. I informed the officer doing rounds at that time (Officer Horne) that I needed to see a nurse, but Officer Horne did not care about what I was going through and ignored me.

**RESPONSE:** Defendant affirmatively states that he checked on Plaintiff and called a nurse employed by Wellpath, LLC, the contracted medical services provider for Milwaukee County. Defendant denies that he did not care about what Plaintiff was going through and denies that he ignored Plaintiff. Defendant denies each and every remaining allegation of paragraph 5.

6. After he "brushed me off," I used the emergency intercom to try to get some help.

**RESPONSE:** Defendant denies that he "brushed [Plaintiff] off." Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations of paragraph 6 and therefore denies the same.

7. I spoke to an unidentifiable officer (John Doe) as my pain increased, and told him I needed emergency medical treatment.

**RESPONSE:** Defendant lacks knowledge and information sufficient to form a belief as to

the truth of the allegations of paragraph 7 and therefore denies the same.

8. I told him that the pain was making it hard for me to breathe and to please send someone.

**RESPONSE:** Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 8 and therefore denies the same.

9. The officer on the intercom responded by telling me that I only have "sleep apnia [sic]," and that I should lay down and go to sleep.

**RESPONSE:** Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 9 and therefore denies the same.

10. The pain increased more, making it hard for me to move.

**RESPONSE:** Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 10 and therefore denies the same.

11. Moments later, Officer Horne returned to my cell with two blankets and stated I only had "sleep apnia [sic]" and should lay down and go to sleep.

**RESPONSE:** Defendant affirmatively states that Defendant followed the instructions of the Wellpath nurse who instructed Defendant to take Plaintiff two blankets and have him sit up on an incline to help open his airways. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations of paragraph 11 and therefore denies the same.

12. I felt helpless, I feared for my life.

**RESPONSE:** Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 12 and therefore denies the same.

13. Officer Horne past [sic] by my cell "numerous" of [sic] times, but never cared to check on me, because he "believed" nothing was wrong with me.

**RESPONSE:** Defendant affirmatively states that he checked on Plaintiff multiple times throughout the night. Defendant denies each and every remaining allegation of paragraph 13.

14. Once the first shift officer arrived, she noticed I looked terrible.

**RESPONSE:** Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 14 and therefore denies the same.

15. She saw the medical emergency I tried to call and informed her superviser [sic], Sargent [sic] and medical nurse, who then came to my aid.

**RESPONSE:** Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 14 and therefore denies the same.

16. The [sic] took me to Froedtert Hospital's Emergency Room, where I learned I was having "a heart failure and my lungs were full of water."

**RESPONSE:** Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 16 and therefore denies the same.

17. I stayed in the hospital for apporximately [sic] 3 days because of my heart complication I tried to warn Officer Horne and Officer John Doe about.

**RESPONSE:** Defendant denies that Plaintiff warned him about a heart complication. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations of paragraph 17 and therefore denies the same.

18. Officer Horne and Office [sic] John Doe did this (denied me aid) because they believed nothing was wrong with me.

**RESPONSE:** As to this answering defendant, Defendant denies the allegations of paragraph 18.

C. JURISDICTION

19. I am suing for a violation of federal law under 28 U.S.C. § 1331.

**RESPONSE:** The allegation in paragraph 19 constitutes a legal conclusion to which no response is required.

D. RELIEF WANTED

20. These officers denied me medical aid, and if it wasn't for the first shift officer noticing I was having health problems, I would have died. They "thought" nothing was wrong with me, but I was having a heart failure, what they did to me was cruel, neglecting me because I mean nothing to them. This is clearly cruel and unusual punishment. I feared for my life, I have never been that scared in my life! I felt helpless, alone, hopeless and "left to die." For this pain and suffering, I am asking for "$1.5 Million" in award money, for the neglect that almost caused my death.

**RESPONSE:** Paragraph 20 is a prayer for relief and requires no response. To the extent a response is required, Defendant denies each and every allegation of paragraph 20. Defendant affirmatively states that he did not violate Plaintiff's constitutional rights and Plaintiff is not entitled to the relief he seeks.

**AFFIRMATIVE DEFENSES**

As and for his affirmative defenses to the Complaint, Defendant states as follows:

1. Plaintiff fails to state a claim upon which relief may be granted against Defendant.

2. Plaintiff may have failed to exhaust his administrative remedies as it relates to the actions of Defendant.

3. Defendant did not deprive Plaintiff of any right secured by the Constitution or federal, state, or local law.

4. Defendant at all times relevant acted in good faith and was not motivated by

malice, animus, or intent to harm.

5. All actions of Defendant were for a legitimate penological purpose.

6. Plaintiff may have failed to join an indispensable party.

7. Any recovery is limited under the provisions of 42 U.S.C. § 1997(e).

8. Any alleged injury or damage was caused, in whole or in part, by the acts or omissions of Plaintiff.

9. Any alleged injury or damage was caused, in whole or in part, by the acts or omissions of a third party outside of Defendant's control.

10. Any alleged injury or damage was caused, in whole or in party, by an intervening, superseding cause outside of Defendant's control.

11. Plaintiff was not harmed by the action or inaction of Defendant.

12. Plaintiff may have failed to mitigate his damages, if any.

13. The doctrine of qualified immunity bars Plaintiff's claim against Defendant.

14. Defendant reserves the right to amend this answer to assert additional affirmative defenses, the factual basis of which may be revealed as discovery proceeds.

**WHEREFORE**, Defendant respectfully requests that the Court enter judgment against Plaintiff and in favor of Defendant as follows:

1. Dismiss the Complaint in its entirety, on the merits and with prejudice;

2. A monetary award in the amount of the costs and disbursements of this action as provided by law;

3. A monetary award in the amount of Defendant's costs including reasonable attorney's fees pursuant to 42 U.S.C. § 1988; and

4. For such other relief as this Court may deem just and equitable.

**ANSWERING DEFENDANT DEMANDS TRIAL TO A JURY.**

Dated at Milwaukee, Wisconsin this 2nd day of June, 2025.

                                          SCOTT F. BROWN
                                          Milwaukee County Corporation Counsel

BY:    s/ Karen L. Tidwall
           KAREN L. TIDWALL
           Deputy Corporation Counsel
           State Bar No. 1025667
           Attorney for Defendant Elijah Horne

<u>P.O. Mailing Address</u>:
Milwaukee County Office of Corporation Counsel
901 North 9th Street, Room 303
Milwaukee, WI 53233
Telephone:    (414) 278-4288
Facsimile:    (414) 223-1249
Email: karen.tidwall@milwaukeecountywi.gov

7

Case 2:24-cv-01436-LA    Filed 06/02/25    Page 7 of 7    Document 19